IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NIRAVKUMAR VITTHALBHAI PATEL,<br><br>                Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. LEXISNEXIS RISK SOLUTIONS INC.,<br><br>                Defendants. | Case No.: 3:25-cv-1916 (SVN) (TOF) |

**26(f) REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:**          November 17, 2025

**Date Complaint Served:**       December 9, 2025

**Date of Defendant's Appearance:**

                                            December 22, 2025
                                            *Defendant Experian Information Solutions, Inc.*

       Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), and Local Civil Rule 16 of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut ("Local Civil Rules" or "LCR"), a Rule 26(f) conference was held on **February 3, 2026**. The participants were: Noah Kane, Esq. on behalf of Plaintiff Niravkumar Vitthalbhai Patel ("Plaintiff") and Amanda C. Price, Esq. on behalf of Defendant Experian Information Solutions, Inc. ("Experian").

       **I. Certification**

       Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (allowing FCRA claims to be brought in any "court of competent jurisdiction").

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### B. Personal Jurisdiction

The parties do not contest personal jurisdiction at this time.

## III. Brief Description of Case

### A. Claims of Plaintiff/s:

This case, filed on November 17, 2025 (Docket No. 1), arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* by Defendants. Plaintiff contends that the Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit file. Defendants inaccurately mixed Plaintiff's credit file with another Connecticut consumer and inaccurately reported Plaintiff as deceased. Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the thirty (30) day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files. Defendants also violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit

report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

Specifically, as a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, credit denials; the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by lost reputation for creditworthiness and insurability; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and garden-variety emotional distress.

**B.     Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:**

Experian: Defendant Experian Information Solutions, Inc. ("Experian") denies Plaintiff's claims, affirmatively denies that it failed to comply with § 1681e(b), § 1681i, § 1681b(a) or any other provision of the FCRA, and denies that it is liable to Plaintiff. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to ensure the maximum possible accuracy of information it reports on consumers, and timely reinvestigate if a consumer disputes information on his or her credit report. At all relevant times, Experian followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable investigation into any of Plaintiff's disputes when required to do so. Experian further states that at all relevant times, it complied with its obligations and duties under the FCRA and reasonably relied on information provided by credible furnishers of data with respect to Plaintiff.

Experian has pled affirmative defenses of (1) statute of limitations (2) truth/accuracy of information (3) failure to mitigate damages (4) laches (5) contributory/comparative fault (6) estoppel (7) unclear hands (8) immunity and (9) arbitration. Further, at this time, Experian's investigation of the facts of this case are ongoing and it reserves the right to amend or supplement its statement as the facts are developed in discovery.

       **C.**     **Defenses and Claims of Third Party Defendant:**

None.

       **IV.**     **Statement of Undisputed Facts**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

Experian is a Consumer Reporting Agency within the meaning of the Fair Credit Reporting Act, §1681a(f).

       **V.**     **Case Management Plan:**

    **A.**     **Initial Disclosures**

Initial disclosures will be served by **February 17, 2026.**

    **B.**     **Scheduling Conference**

        1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Rule 16(b).

        2.     The parties prefer that a scheduling conference, if held, be conducted by telephone.

    **C.**     **Early Settlement Conference**

        1.     The parties certify that they have considered the potential benefits of

attempting to settle the case before undertaking significant discovery or motion practice. Settlement is likely to be resolved informally between the parties.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with the presiding judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to LCR 16.

D. **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until **April 3, 2026** to file motions to join additional parties and until **April 3, 2026** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant should be allowed until **April 3, 2026** to file motions to join additional parties. Defendant Experian has already filed a response to the complaint, but should Plaintiff file an amended complaint, Defendant should be allowed the full scope permitted by the Federal Rules to respond to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

E. **Discovery**

a. Recognizing that the precise contours of the case, including the amounts of

damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Rule 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

   Plaintiff's Position: Plaintiff anticipates the need for written discovery, third-party discovery, depositions and expert discovery. Plaintiff reserves the right to utilize other permitted means of discovery as might be necessary.

Experian's Position : Experian anticipates the need for discovery into the basis for Plaintiff's allegations and Plaintiff's claimed damages. Experian anticipates propounding requests for production, interrogatories, and requests for admission. Experian anticipates taking depositions, including the deposition of Plaintiff and the deposition of any third parties, as may be revealed throughout the course of discovery, who possess information regarding Plaintiff's claims. Experian also anticipates seeking the entry of a protective order prior for the production of commercially sensitive or otherwise confidential information.

   b.    The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's Position:

- o    Experian's collection, verification, furnishing, and reporting of the consumer information at issue in this case in compliance with 15 U.S.C. § 1681e(b);
- o    Experian's policies and procedures utilized to conduct a reasonable investigation of the information disputed by a consumer in compliance with 15 USC § 1681i (a)(1)(A);

- o Experian's policies and procedures utilized to promptly delete the inaccurate of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation in compliance with 15 USC § 1681i (a)(5)(A)(i);
- o Experian's policies and procedures utilized to prevent the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i (a)(5)(C);
- o Experian's policies, procedures, certifications, and records governing the furnishing, sale, or disclosure of Plaintiff's consumer report to third parties, including identification of all entities that accessed Plaintiff's consumer report and the permissible purpose asserted for each access, in compliance with 15 U.S.C. § 1681b(a);
- o Experian's maintenance, preparation, and publication of Plaintiff's consumer reports;
- o The actual actions taken by Defendant in response to their receipt of Plaintiff's dispute(s);
- o Defendant's policies and procedures utilized to assure compliance with their respective duties conferred under the FCRA, as applicable;
- o Defendant's communications with third parties concerning Plaintiff and/or Plaintiff's consumer file;
- o Defendant's policies and procedures governing all of the foregoing; and
- o Third party discovery necessary to establish causation and damages.

Experian's Position: Based on what is presently known, Defendant Experian anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation

contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Experian; Plaintiff's financial and consumer history; any communications between Plaintiff and Experian; any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

      c.      All discovery, including depositions of expert witnesses pursuant to Rule 26(b)(4), will be completed by **October 30, 2026**.

      d.      Discovery will not be conducted in phases.

      e.      N/A

      f.      The parties anticipate that the plaintiff will require a total of six (**6**) depositions of fact witnesses and that the defendant/s will require a total of six (**6**) depositions of fact witnesses. The parties reserve the right to take additional fact witnesses depositions upon notice to the opposing party that the party intends to do so. The depositions will commence by **April 5, 2026** and be completed by **October 30, 2026**.

      g.      Subject to the development of discovery, the parties do not intend, at this time, to request permission to serve more than twenty-five (25) interrogatories.

      h.      Plaintiff intends to call expert witnesses at trial. Experian does not know at this time whether it intends to call expert witnesses at trial, but reserves the right to do so should Plaintiff designate an expert witness.

      i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) on any issues on which they bear the burden of proof by **August 21, 2026**. Depositions of any such experts will be completed by **October 30, 2026**.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) on any issues on which they do not bear the burden of proof by **September 11, 2026**. Depositions of such experts will be completed by **October 21, 2026.**

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **July 23, 2026.**

l. Undersigned counsel after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information.

m. Undersigned counsel after consultation with their clients and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following

9

procedures for asserting claims of privilege after production.

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.  Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court

through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Rule 502(d) of the Federal Rules of Evidence ("FRE"). The parties agree that the standard under Rule 502(b) of the FRE applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Rule 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

    o.    Electronic service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) any pleadings or other papers

may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Niravkumar Vitthalbhai Patel | nkane@consumerattorneys.com<br>ekataev@consumerattorneys.com<br>iiakovleva@consumerattorneys.com<br>mlukjanski@consumerattorneys.com<br>nhofer@consumerattorneys.com |
| Defendant Experian Information Solutions, Inc. | acprice@jonesday.com<br>eherst@carmodylaw.com |

F.  **Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case:

The parties have no other scheduling issues to address at this time.

G.  **Summary Judgment Motions:**

Summary judgment motions, which must comply with LCR 56, will be filed on or before **November 30, 2026**.

H.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **January 15, 2027**.

VI.  **TRIAL READINESS**

The case will be ready for trial by **March 1, 2027**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: February 4, 2026

| | |
|---|---|
| */s/ Emanuel Kataev, Esq.* <br> Emanuel Kataev, Esq. <br> 6829 Main Street <br> Flushing, NY 11367-1305 <br> (718) 412-2421 (office) <br> (718) 489-4155 (facsimile) <br> ekataev@consumerattorneys.com <br><br> *Attorneys for Plaintiff* <br> *Niravkumar Vitthalbhai Patel* | */s/ Amanda C. Price* <br> Amanda C. Price *admitted pro hac vice* <br> acprice@jonesday.com <br> JONES DAY <br> North Point <br> 901 Lakeside Avenue <br> Cleveland, OH 44114.1190 <br> Telephone: +1.216.586.3939 <br> Facsimile: +1.216.579.0212 <br><br> */s/ Eric J. Herst* <br> Eric J. Herst <br> Carmody Torrance Sandak & Hennessy LLP <br> 50 Leavenworth Street <br> Waterbury, CT 06702 <br> Telephone: (203) 573-1200 <br> Facsimile: (203) 575-2600 <br> eherst@carmodylaw.com <br><br> *Attorneys for Defendant* <br> *Experian Information Solutions, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.